Filed 3/11/25  A.W. v. Superior Court CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| A.W.,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>     Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>     Real Party in Interest. | F089303<br><br>(Super. Ct. No. 15CEJ300198-2)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Kimberly J. Nystrom-Geist, Judge.

A.W., in propria persona, for Petitioner.

No appearance for Respondent.

---

[*]     Before Franson, Acting P. J., Smith, J. and DeSantos, J.

Daniel C. Cederborg, County Counsel, and Lisa R. Flores, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

Father, A.W., in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's order issued at a contested 18-month review hearing on January 30, 2025, which resulted in his child, V.W., being declared a dependent of the court and family reunification services being terminated.  Father's petition requests that the court be directed to order the child returned to his custody.  He does not, however, allege the court erred when removing the child initially, or later terminating family reunification services.  We conclude father's petition fails to meet the procedural requirements of rule 8.452 regarding extraordinary writ petitions and, therefore, dismiss the petition.

## SUMMARY OF CASE AND FACTS

The child named in this petition, along with her siblings who are not named, was initially the subject of a Welfare and Institutions Code[2] section 300 hold, removing her from the custody of her mother[3] and father due to safety concerns.  On June 29, 2023, a section 300 petition was filed by the Fresno County Department of Social Services (department), alleging serious physical harm to the child by mother, along with the failure of both parents to protect their children from general neglect.  Following a detention hearing held on June 30, 2023, the children were officially removed from the custody of both parents.  At the same time the juvenile court set a date for a combined jurisdiction and disposition hearing.

---

[1]     All rule references are to the California Rules of Court.

[2]     All further statutory references are to the Welfare and Institutions Code.

[3]     Mother has not joined this petition or filed a separate petition with this court.

Due to a number of continuances necessitated by the parents' unavailability, the jurisdiction and disposition hearing did not occur until March 7, 2024. At the end of this hearing, reunification services were ordered for father, and future status review hearings were scheduled.

At the combined six- and 12-month status review hearing held on August 8, 2024, the juvenile court found that even though father's progress toward alleviating the problems had been moderate, reunification services would continue to be provided. However, after a recommendation was made at the 18-month status hearing that reunification services be terminated, father requested a contested hearing. The contested hearing was then scheduled for January 30, 2025.

The only testimony offered as evidence at the contested hearing was that of father. Father responded to questions asking what he had learned during the dependency process about how to respond to his child and how to set boundaries. The department eventually submitted on its report and the recommendation that reunification services be terminated. When announcing its findings, the juvenile court first noted that all necessary notices and inquiries had been made prior to the hearing. After highlighting a number of services that had been provided to father and the history of this matter, the court stated:

> "[T]he [c]ourt must determine whether, by preponderance of the evidence, return of the child to the physical custody of the parent would create a substantial risk of detriment to her safety, protection, physical or emotional wellbeing. The [c]ourt finds the [d]epartment has well exceeded this burden and does make this finding:

> "There would be substantial risk of detriment to [the child's] safety as she acts out in a manner that is unsafe for her when with her father. Her father's conduct escalates. The danger to [the child], there is danger to her physical and emotional wellbeing for the reasons that have already been stated on the record."

The juvenile court questioned father's recognition of the problems in their relationship and how he would address the various needs of his child.

On the question of services, the juvenile court found by clear and convincing evidence the department provided reasonable services. On the issue of visits, the court stated it could not "see anything that would be humanly possible for this social worker to have done more than what she has done." The court also found there was not a substantial probability the child could be returned to father if reunification services were continued, and further, that the evidence did not support providing additional services to father. As a result, the court concluded a hearing to select and implement a permanent plan for the child pursuant to section 366.26 was the appropriate order.

Father filed his petition seeking a review of the juvenile court's findings on February 25, 2025.

## DISCUSSION

### *The Extraordinary Writ Petition*

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders from the setting hearing must file an extraordinary writ petition in this court on Judicial Council form JV-825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citations to the appellate record. (Rule 8.452(b).) In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

4.

Here, father's petition is inadequate in presenting any claim of error. Father completed those sections of form JV-825 requiring identifying information and checked the box indicating he wanted the child returned to his custody. However, the section in the form requiring father to provide a summary of the factual basis for his petition was left blank.

A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of [his] case, is inadequate," and the contention will be found by the appellate court to have been abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Nowhere in the petition does father assert that the juvenile court erred in sustaining the department's petition or terminating family reunification services. Accordingly, we conclude father's failure to comply with rule 8.452 by asserting any error by the court renders his writ petition inadequate for review.

Based upon the record before us, we would conclude the juvenile court did not err in terminating father's reunification services and concluding the child's current placement was appropriate. However, we dismiss father's writ petition because it fails to comport with rule 8.452.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).